# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| MALIBU MEDIA, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LANANH NGUYEN ) <br> ) <br> Defendant. ) <br> ) | Civil Action Case No.4:18-cv-00215 |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

### I.     INTRODUCTION

Plaintiff, Malibu Media, files this response in opposition to Defendant, Lananh Nguyen's motion to dismiss. Plaintiff's well pled Amended Complaint states a plausible claim for relief by alleging ownership of valid copyrights and copying of constituent elements of the works that are original. Defendant has provided no support for her motion to dismiss Plaintiff's Amended Complaint. For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's request to dismiss Plaintiff's Amended Complaint.

### II.     LEGAL STANDARD

"[M]otion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted." *Capstone Associated Servs*, 2015 U.S. Dist. LEXIS 171073, at *3 (citing *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011)). "It is well settled that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Warner Bros. Records, Inc. v. Payne*, 2006 U.S. Dist. LEXIS 65765, *3 (W.D. Tex. July 17, 2006) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). "Rule 12(b)(6)

is read in conjunction with Rule 8(a), which requires 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Smith v. Houston Indep. Sch. Dist.*, 2017 U.S. Dist. LEXIS 5952, *5 (S.D. Tex. Jan. 17, 2017) (citing Fed. R. Civ. P. 8(a)(2)). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"[C]ourts generally must accept the factual allegations contained in the complaint as true." *Geophysical Serv. v. ConocoPhillips Co.*, 2016 U.S. Dist. LEXIS 63231, *8 (S.D. Tex. May 13, 2016) (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)); *see Capstone Associated Servs. v. Organizational Strategies, Inc.*, 2015 U.S. Dist. LEXIS 171073, *3 (S.D. Tex. Dec. 23, 2015) ("When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief.") (citing *Iqbal*, 556 U.S. at 679). "Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory." *Capstone Associated Servs.*, 2015 U.S. Dist. LEXIS 171073, at *3 (citation omitted).

### III.   ARGUMENT

#### A.  Plaintiff Has Pled a Valid and Cognizable Claim for Copyright Infringement

Defendant's motion to dismiss is simply a self-serving denial of Plaintiff's claims, and does not include any other information or argument in support of dismissal. Conversely, Plaintiff has pled a prima facie claim for infringement in the Amended Complaint and the Amended Complaint should not be dismissed. A prima facie claim of copyright infringement consists of two elements:

(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Geophysical Serv. v. TGS-NOPEC Geophysical Co.*, 2017 U.S. App. LEXIS 4286, *7–8 (5th Cir. Mar. 10, 2017) (citing *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 576 (5th Cir. 2003)); *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

Plaintiff has adequately pled both elements. First, Plaintiff owns certificates of registration from the Copyright Office in the copyrighted works at bar. The certificates "constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c); *see Malibu Media, LLC v. Knight*, 2013 U.S. Dist. LEXIS 195893, *7 (M.D. Fla. May 9, 2013). Defendant's motion to dismiss has not called into question the validity of these certificates.

Second, Plaintiff sufficiently alleged copying of copyrightable elements. Plaintiff's Amended Complaint describes in detail Plaintiff's methods for discovering BitTorrent infringers as well as how it detects and records Defendant's infringement. (CM/ECF 24, at ¶¶ 10–25). The Amended Complaint ultimately concludes, "Defendant downloaded, copied, and distributed a complete copy of Plaintiff's works without authorization as enumerated on Exhibits A and B." *Id.* at ¶ 23. This level of information far surpasses the low bar set by *Iqbal* and *Twombly* for a Rule 12(b)(6). *See e.g.*, *Malibu Media, LLC v. Doe*, 2015 U.S. Dist. LEXIS 23494, *14 (D. Md. Feb. 26, 2015) (noting that Plaintiff's complaint satisfies the plausibility standard for Rule 12(b)(6), and although defendant raised the possibility some facts may not be correct, defendant's allegations did not contravene Plaintiff's pleading); *Malibu Media, LLC v. Does*, 2013 U.S. Dist. LEXIS 620, *14 (E.D. Pa. Jan. 3, 2013) ("These averments state a plausible claim of direct infringement under the Copyright Act.").

Further, other Courts that have addressed these issues have found that Plaintiff's complaints state a plausible claim for relief. *See e.g. In re Malibu Media Copyright Infringement*

*Litig.,* No. C 15-04170 WHA, 2016 U.S. Dist. LEXIS 31908, at *11-12 (N.D. Cal. Mar. 10, 2016) ("Malibu Media has pled that it received at least one piece of each allegedly infringed work from the defendants, and it has pled that defendants' conduct occurred persistently, rather than in an isolated event. At the Rule 12 stage, the complaint has pled facts that plausibly demonstrate that the subscribers identified [12] in the complaints committed the alleged infringement"); *Malibu Media, LLC v. Bowser*, No. 5:14CV2759, 2015 U.S. Dist. LEXIS 136957, at *8-9 (N.D. Ohio Oct. 7, 2015) ("The facts alleged by Malibu, if accepted as true, sufficiently demonstrate that the user of IP address 98.27.177.139 copied its copyrighted material and, therefore, states a claim for unlawful copying that is plausible on its face."); *Malibu Media, LLC v. John Doe 1,* 2013 WL 30648 at *4 (E.D. Pa. 2013) ("Accepting all factual allegations in the Amended Complaints as true . . . the Court concludes Plaintiff has stated a claim upon which relief can be granted under the Copyright Act."); *Malibu Media, LLC v. Pelizzo*, 2012 U.S. Dist. LEXIS 180980 at *1 (S.D. Fla. 2012) ("Having carefully reviewed the allegations in the Complaint and the applicable authorities, the Court will deny the Motion because the Complaint adequately states a claim for copyright infringement.").

For the foregoing reasons, Defendant's motion to dismiss should be denied.

### IV. CONCLUSION

For the aforesaid reasons, Plaintiff respectfully requests that this Court deny Defendant's motion to dismiss Plaintiff's Amended Complaint.

Dated: January 29, 2019

Respectfully submitted,

By: /s/ Paul S. Beik
PAUL S. BEIK
Texas Bar No. 24054444
S.D. Tex. ID No. 642213
BEIK LAW FIRM, PLLC
8100 Washington Ave., Suite 1000

                        Houston, TX 77007
                        T: 713-869-6975
                        F: 713-868-2262
                        E-mail: paul@beiklaw.com
                        **ATTORNEY FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on January 29, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

      I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document via U.S. Mail to the persons set forth in the Service List below.

                        By: /s/ Paul S. Beik
                        PAUL S. BEIK

**Service List**
Lananh Nguyen
17930 Cypress Rosehill Road
Cypress, TX 77429